

# MEMORANDUM OPINION

No. 04-09-00162-CV

**CITY OF SAN ANTONIO**,
Appellants

v.

William **RILEY**,
Appellee

From County Court at Law No. 5, Bexar County, Texas
Trial Court No. 325665
Honorable Paul Canales, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   July 15, 2009

REVERSED AND RENDERED

      William Riley sued the City of San Antonio and Lt. David E. Tundel for property damage

to his vehicle arising out of a collision between Riley's automobile and the authorized emergency

---

[1] The Honorable H. Paul Canales, presiding judge of County Court at Law No. 2, Bexar County, Texas, signed the order at issue in this appeal.  The Honorable Tim Johnson is the presiding judge of County Court of Law No. 5, Bexar County, Texas.

vehicle driven by Tundel.[2]  The City filed a plea to the jurisdiction asserting its governmental immunity was not waived, and therefore, the trial court lacked subject-matter jurisdiction.  Following a hearing, the trial court denied the City's plea.  The City filed this interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008).  We reverse and render.

## STANDARD OF REVIEW

When a plea to the jurisdiction challenges the pleadings, we must decide whether the plaintiff has pled facts that affirmatively establish the trial court's subject-matter jurisdiction.  *See Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  In our review, we construe the pleadings in favor of the plaintiff and look to the pleader's intent.  *Id.*  When a city asserts, with supporting evidence, that the trial court lacks subject-matter jurisdiction, the plaintiff must show there is a disputed material fact regarding the jurisdictional issue.  *City of Helotes v. Miller*, 243 S.W.3d 704, 707 (Tex. App.—San Antonio 2007, no pet.) (citing *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). The trial court may consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised.  *Id.* (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 707-08.  However, if the evidence fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.  *Id.* at 708.

---

[2] Tundel was dismissed from the suit without prejudice.

**DISCUSSION**

On appeal, the City argues the trial court erred in denying its plea to the jurisdiction because it is immune from suit. We agree.

Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999). Here, the City is immune from both suit and liability for Riley's property damage unless its immunity has been waived. *See Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002). Riley claims the City waived its immunity under section 101.021(1) of the Texas Tort Claims Act, which waives immunity for property damage arising from the operation of a motor vehicle that is caused by the wrongful act, omission, or negligence of an employee acting within his scope of employment. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 2005).

However, the City argues that the exception to the waiver of sovereign immunity contained in section 101.055(2) of the Texas Tort Claims Act prevents Riley's suit for damages. Section 101.055(2) provides that the Act "does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). The applicable laws regarding the operation of an emergency vehicle are located in the Texas Transportation Code.[3] *See* TEX. TRANSP. CODE ANN. § 546.001-.006 (Vernon 1999 & Supp. 2008). Specifically, section 546.005 provides that the driver of an emergency

---

[3] In his response to the City's plea to the jurisdiction, Riley argued a City of San Antonio ordinance that regulates emergency vehicles was the law governing the current case. SAN ANTONIO, TEX., CODE OF ORDINANCES ch. 19, Art. IX § 19-338 (2009). However, it is clear that this ordinance, which holds an ambulance driver responsible for his negligence, only applies to a private "ambulance," which is defined as a "privately owned vehicle equipped or used for transporting the wounded, injured or sick." *Id.* § 19-1. Because this accident involved an "authorized emergency vehicle" that was operated by the City, and not a private ambulance, this ordinance does not apply. *See id.* "Authorized emergency vehicles" are governed by the Texas Transportation Code. *See id.* § 19-321.

vehicle must drive "with appropriate regard for the safety of all persons," and he is not relieved of "the consequences of reckless disregard for the safety of others." *Id.* § 546.005; *see Smith v. Janda*, 126 S.W.3d 543, 545 (Tex. App.—San Antonio 2003, no pet.). "Interpreting the uncodified predecessor of section 546.005, the Supreme Court of Texas held that this provision 'imposes a *duty* to drive with due regard for others by avoiding negligent behavior, but it only imposes *liability* for reckless conduct.'" *Smith*, 126 S.W.3d at 545 (quoting *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex. 1998)). "Thus, a governmental entity is immune from suits to recover damages resulting from the emergency operation of an emergency vehicle unless the operator acted recklessly; that is, 'committed an act that the operator knew or should have known posed a high degree of risk of serious injury.'" *Id.* (quoting *Martin*, 971 S.W.2d at 430).

In its plea to the jurisdiction, the City alleged that Tundel was not reckless as a matter of law and, therefore, the City retained its governmental immunity. Riley, however, contends the evidence raises a fact issue as to whether Tundel acted with reckless disregard for the safety of others; therefore, this fact issue must be decided by a jury. The undisputed evidence establishes that Tundel was on duty with his regular EMS unit when he was called for assistance at a motor vehicle accident on northbound IH-35. Tundel was driving the emergency vehicle in an emergency situation with the lights and sirens activated. Tundel entered the northbound IH-35 on-ramp and proceeded to cross the four lanes of traffic to get to the automobile accident. As Tundel was about to enter the far left lane, Riley's vehicle collided with the left side of the emergency vehicle.

In responding to the City's plea to the jurisdiction, Riley submitted the affidavit of Thomas Dulin, a third-party witness to the accident. In his affidavit, Dulin states:

> On November 23, 2005, I was traveling north bound on IH35S when an accident occurred. The accident I witnessed occurred when an ambulance entered the

interstate from an on ramp and attempted to cross several lanes of traffic on north bound IH35S and collided into the side of a pick-up, who I later learned was driven by a man named William Riley. The ambulance hit the middle of the pick-up on the passenger side. There was nothing the driver of the pick-up, Mr. Riley, could have done to avoid this accident. Not only did the ambulance driver not change lanes safely, he attempted to change several lanes at once. There is no doubt the ambulance caused this accident. Furthermore, this driver of the ambulance was not driving with due regard for the safety of others. I would also say that the ambulance driver, in changing several lanes of traffic at once, was the cause of this accident.

Riley asserts Dulin's affidavit raises a material fact issue about whether Tundel acted with reckless disregard for the safety of others when he crossed several lanes of traffic at once. We disagree. Even if all of Dulin's contentions were taken as true by the trial court, his affidavit raises, at most, only a question on whether Tundel's actions were negligent; the affidavit does not assert any facts that rise to the level of reckless disregard. *See Martin*, 971 S.W.2d at 430 (requiring a plaintiff to show that the operator has committed an act that the operator knew or should have known posed a high degree of risk of serious injury in order to recover damages resulting from the emergency operation of an emergency vehicle). Accordingly, we conclude Riley did not submit evidence sufficient to raise a material fact issue on whether Tundel acted with "reckless disregard for the safety of others." Therefore, the City retains its immunity as a matter of law.

## CONCLUSION

We reverse the order of the trial court that denied the City's plea to the jurisdiction and render judgment that the case be dismissed for lack of subject-matter jurisdiction.

Sandee Bryan Marion, Justice